ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **CAPITAL MANAGEMENT GROUP, LLC COMO AGENTE DE JEFFERSON CAPITAL SYSTEMS, LLC** <br> DEMANDANTE(S)-APELADA(S) <br><br><br> V. <br><br><br> **AWILDA ORTIZ RODRÍGUEZ** <br> DEMANDADA(S)-APELANTE(S) | **TA2025AP00284** | *APELACIÓN* <br> procedente del Tribunal de Primera Instancia, Sala Superior de **HUMACAO**[1] <br><br> Caso Núm.: <br> **LP2025CV00055** <br><br><br> Sobre: <br> Cobro de Dinero (ordinario) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 13 de noviembre de 2025.

Comparece ante este Tribunal de Apelaciones, la señora **AWILDA ORTIZ RODRÍGUEZ** (señora **ORTIZ RODRÍGUEZ**) mediante *Certiorari* incoado el 8 de agosto de 2025. En su recurso, nos solicita que revisemos la *Sentencia* emitida el 7 de julio de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Humacao.[2] En dicha decisión, se declaró con lugar la *Demanda* sobre cobro de dinero ordinario interpuesta el 31 de marzo de 2025 por **CAPITAL MANAGEMENT GROUP, LLC (CAPITAL)**, como agente gestor de **JEFFERSON CAPITAL SYSTEMS, LLC (JCAP)**; se ordenó a la señora **ORTIZ RODRÍGUEZ** pagar la cantidad de $18,120.58 por concepto de balance

---

[1] Véase *Resolución* decretada el 21 de agosto de 2025.
[2] Este dictamen judicial fue notificado y archivado en autos el 9 de julio de 2025. Apéndice del *Certiorari*, entrada núm. 7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

adeudado de tarjeta de crédito; y se apercibió que de no efectuarse el pago, **CAPITAL** tendría derecho a interpelar la ejecución de la *Sentencia*.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- **I** -

El 31 de marzo de 2025, **CAPITAL** instó una *Demanda* sobre cobro de dinero ordinario contra la señora **ORTIZ RODRÍGUEZ**.[3] En esencia, **CAPITAL** adujo que la señora **ORTIZ RODRÍGUEZ** le adeudaba una suma ascendente a $18,120.58 que estaba vencida, líquida y exigible. Surge del expediente que el *Emplazamiento* dirigido a la señora **ORTIZ RODRÍGUEZ** se diligenció el 16 de mayo de 2025.[4]

El 23 de junio de 2025, se prescribió una *Orden* requiriéndole a **CAPITAL** informar el curso de acción a seguir en el caso.[5] Ante tal exigencia, el 2 de julio de 2025, **CAPITAL** presentó una *Solicitud de Anotación de Rebeldía y Sentencia* en la cual imploró que ante la incomparecencia de la señora **ORTIZ RODRÍGUEZ** se le anotara la rebeldía y se procediera a dictar sentencia de conformidad. [6]

El 7 de julio de 2025, notificada el 9 de julio 2025, se decidió la *Sentencia* impugnada. En la misma, se dispusieron las siguientes determinaciones de hechos:

1. La parte demandada solicitó y recibió de Navy Federal Credit Union en concepto de deudor, una Tarjeta de Crédito.
2. En el curso ordinario de los negocios, la parte demandante adquirió mediante cesión todos los derechos, títulos e intereses sobre dicha cuenta. Consecuentemente, la parte demandada es tenedora y dueña de la cuenta reclamada, se subroga en los derechos del acreedor original y es la sucesora en interés de los términos y condiciones atados a dicha cuenta.
3. La cuenta de la parte demandada refleja un balance actual adeudado de $18,120.58.
4. La deuda reclamada está vencida, es líquida y exigible.
5. La parte demandante ha realizado esfuerzos razonables para obtener el pago de la suma adeudada, que incluyen, pero no se limitan, a llamadas telefónicas y/o cartas.

---

[3] Apéndice del *Certiorari*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[4] Apéndice del *Certiorari*, entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[5] Entrada Núm. 5 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).
[6] Entrada Núm. 6 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

6. A pesar de los esfuerzos razonables, la parte demandada no ha efectuado el pago total de la deuda reclamada.
7. Las cuantías adeudadas no han sido satisfechas o pagadas.

El 7 de agosto de 2025, la señora **ORTIZ RODRÍGUEZ** presentó su *Moción en Solicitud de Relevo de Sentencia*.[7] En pocas palabras, la señora **ORTIZ RODRÍGUEZ** alegó que no procedía la anotación de rebeldía debido a que **CAPITAL** no notificó correctamente la cuantía del adeudo. Esto es, que **CAPITAL** había notificado tres (3) cantidades distintas, por lo que, era necesario pasar prueba para el tribunal evaluar la evidencia sobre la liquidez del pasivo y determinar el débito real.

Al día siguiente, el 8 de agosto de 2025, la señora **ORTIZ RODRÍGUEZ** recurrió ante este foro intermedio por medio de un recurso de *Certiorari* señalando el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal de Humacao al emitir una Sentencia en Rebeldía en cuanto a la demanda presentada por la parte recurrida – demandante. Toda vez que la demanda trata sobre una reclamación de cobro de dinero y dicha reclamación envuelve el fijar el importe líquido de una cuantía y el Tribunal de Primera Instancia viene obligado a evaluar ambas reclamaciones en sus méritos.

Entonces, el 26 de agosto de 2025, pronunciamos *Resolución* concediéndole un término de treinta (30) días para presentar su alegato en oposición a **CAPITAL**. Al día de hoy, **CAPITAL** no ha presentado contención alguna.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Presentamos las normas de derecho pertinentes a las(s) controversia(s) planteada(s).

- II -

- A - *Jurisdicción*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[8] En consecuencia, la falta de

---

[7] Apéndice del *Certiorari*, entrada núm. 8 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[8] *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).

*jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[9]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[10] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal carece de *jurisdicción,* solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia.[11]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[12]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[13] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[14]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que, a iniciativa

---

[9] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).
[10] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).
[11] *FCPR v. ELA et al., supra*; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).
[12] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101- 102 (2020).
[13] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).
[14] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra*.

propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[15]

- III -

La señora **ORTIZ RODRÍGUEZ** puntea que el tribunal de instancia incidió: al decretar *Sentencia* puesto que la *Demanda* versa sobre una causa de acción relativo a un cobro de dinero, la misma requiere fijar el importe líquido de la cuantía y el tribunal viene obligado a evaluar ambas reclamaciones en sus méritos.

Tras justipreciar suspicazmente la totalidad del expediente judicial, hacemos constar que existe un asunto de índole jurisdiccional. El 7 de agosto de 2025, la señora **ORTIZ RODRÍGUEZ** presentó una *Moción en Solicitud de Relevo de Sentencia* ante el Tribunal de Primera Instancia. Al otro día, el 8 de agosto de 2025, la señora **ORTIZ RODRÍGUEZ** entabló el presente recurso de *Certiorari*.

Colegimos que el proceder de la señora **ORTIZ RODRÍGUEZ** resultó apresurado, toda vez que aun estando pendiente la adjudicación de la *Moción en Solicitud de Relevo de Sentencia* acudió ante este tribunal intermedio. Más aun, no emana del expediente que, en efecto, se haya resuelto su petitoria.[16] Por tanto, es forzoso concluir que la señora **ORTIZ RODRÍGUEZ** recurrió ante nos de manera prematura. En consecuencia, procede la ***desestimación*** del *Certiorari* por falta de ***jurisdicción*** ante su presentación prematura. Ello provoca que los términos para acudir ante este foro intermedio no hayan comenzado a decursar o transcurrir.

---

[15] Véase la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 14- 17, 215 DPR ____ (2025). Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*
[16] El 13 de agosto de 2025, se intimó *Orden* expresando: "Del expediente surge que la parte demandada presentó una petición de *certiorari* ante el Tribunal de Apelaciones (de los documentos en las Entradas 9 y 10 surge el 1 de junio de 2010 como fecha de su presentación). En atención a que en el presente caso se dictó *Sentencia* final el 9 de julio de 2025, el recurso presentado ante el foro apelativo constituye a todas luces una apelación, cuya presentación paraliza los procedimientos ante este Tribunal (RPC 52.3 (a))" .

## - IV -

Por los fundamentos antes expuestos, y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *desestimamos*, por ausencia de jurisdicción, el *Certiorari* promovido el 8 de agosto de 2025 por la señora **ORTIZ RODRÍGUEZ**; y ordenamos el cierre y archivo del presente caso.

Al amparo de la Regla 18 (B) de nuestro Reglamento, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.[17]

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] Regla 18- Efecto de la presentación del escrito de apelación en casos civiles.

(A) Suspensión.-Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de esta, de la cual se apela, o a las cuestiones comprendidas en esta, salvo orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones, pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión no comprendida en la apelación.

(B) Cuándo no se suspenderá.--No se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia dispusiere la venta de bienes susceptibles de pérdida o deterioro. En ese caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el Tribunal de Apelaciones dicte sentencia.

No se suspenderán los efectos de una decisión apelada, salvo una orden en contrario expedida por el Tribunal de Apelaciones, por iniciativa propia o a solicitud de parte, cuando ésta incluya cualesquiera de los remedios siguientes:

(1) una orden de *injunction*, de *mandamus* o de hacer o desistir.

(2) una orden de pago de alimentos.

(3) una orden sobre custodia o relaciones filiales.

Véase la Regla 18 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 36, 215 DPR ____ (2025).